## Merrill *v*. Hanley, Appellant.

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Patrick H. Fierro,* with him *Fierro & Miele,* for appellant.

*Allen E. Ertel,* with him *Ertel & Kieser,* for appellee.

OPINION BY CERCONE, J., June 24, 1975:

This appeal involves the denial of the motion of appellant to set aside the execution by appellee upon two parcels of land located in the Borough of Jersey Shore.

Appellant and his wife were in the process of purchasing the parcels as tenants by the entireties pursuant to an agreement dated July 1, 1966 and recorded August 16, 1966. Subsequently, appellant was sued by appellee and on April 26, 1973, a verdict in the amount of $6,000 was entered against him. Appellant's wife died on December 7, 1973, and on April 1, 1974, appellee attempted to levy upon the property asserting that appellant was now the sole owner of the parcels in that his wife's interest had passed to him upon her death by operation of law. Appellant filed a motion to set aside the execution claiming that his interest in the parcels had been assigned to his wife on April 25, 1973, the day before the verdict against appellant was entered. The assignment was neither acknowledged nor recorded.

From these facts two questions are raised. First, whether the assignment was a fraud upon the appellee;

and, second, whether the assignment was void as to appellee in that such assignment did not comply with the relevant recording statute.[1] We will first consider the second issue since, if the assignment is void on this ground, we need not determine whether it was fraudulent.

The relevant portion of the recording statute is as follows:

> "... Every such deed, conveyance, contract or other instrument of writing which shall not be acknowledged or proved and recorded ... shall be adjudged fraudulent and void as to any subsequent bona fide ... holder of any judgment duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance for the entry of the judgment under which such subsequent ... judgment creditor shall claim."[2]

By applying the facts of the instant case to this statute it is obvious that the assignment is void as to appellee. The assignment was neither acknowledged nor recorded, and as a result the original agreement by which appellant and his wife purchased the property is still valid. Therefore upon the death of his wife, appellant became the sole owner of the parcels by operation of law and appellee was in turn entitled to execute against the property.

Order affirmed.

---

1. Act of May 12, 1925, P.L. 613, § 1, as amended, 21 P.S. § 351.

2. *Id.*